J-S39014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.M., A JUVENILE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.M. | : | No. 3501 EDA 2018 |

Appeal from the Order Entered October 11, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-JV-0000013-2018

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED AUGUST 19, 2019**

Appellant, J.M., appeals from the dispositional order entered in the Delaware County Court of Common Pleas, following Appellant's adjudication of delinquency for rape.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  Procedurally, we add Appellant timely filed a post-dispositional motion on October 22, 2018, and a supplemental post-dispositional motion on October 26, 2018.  On October 30, 2018, the court denied Appellant's motion.  Appellant timely filed a notice of appeal on November 27, 2018.  The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed.

Appellant raises the following issue for our review:

_____

[1] 18 Pa.C.S.A. § 3121(a)(1).

_____

*   Former Justice specially assigned to the Superior Court.

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S POST DISPOSITIONAL MOTION FOR A NEW HEARING, WHERE THE ADJUDICATION OF DELINQUEN[CY] TO A CHARGE OF RAPE, IS AGAINST THE WEIGHT OF THE EVIDENCE AS THE OVERWHELMING IMPORT OF THE EVIDENCE SHOWS CONSENSUAL SEXUAL INTERCOURSE BETWEEN VICTIM AND APPELLANT AND THAT VICTIM ONLY COMPLAINED ABOUT HAVING BEEN RAPED AFTER SHE WAS CONFRONTED BY HER BOYFRIEND ABOUT THE SEXUAL ENCOUNTER WITH APPELLANT.

(Appellant's Brief at 4).

The following principles apply to a weight of the evidence claim:

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Small***, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Nathaniel C. Nichols, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented.

- 2 -

(**See** Trial Court Opinion, filed January 15, 2019, at 2-5)[2] (finding: Victim provided vivid and credible testimony at adjudicatory hearing detailing how Appellant assaulted her during social gathering; while in bedroom alone together, Appellant began kissing Victim and when she told Appellant she did not want to continue, he did not stop; Victim's narrative described how Appellant held her down (which was consistent with photographic evidence of bruising), forcibly removed her clothing, and violated her body, as well as how Victim communicated her rejection of Appellant's advances; other witnesses testified to Victim's request not to walk home alone and not to allow Appellant to accompany her; on day after encounter, Appellant texted Victim that no one needed to know about it; Victim's credible rendition of events was clear and accurate; Victim's delay in reporting rape was readily explained; verdict was not against weight of evidence). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_[signature]_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19

---

[2] Although signed by the Honorable Linda A. Cartisano, the trial court opinion was prepared and written by Judge Nichols before he retired.